UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SEAN WILLIAM BECK,

    Defendant.

Case No. 2:07-cr-213
CHIEF JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Sean William Beck's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [ECF No. 91]. On July 30, 2009, after pleading guilty to one count of conspiracy to possess with intent to distribute more than 500 grams of cocaine (Count 5) and one count of using or carrying a firearm in relation to a drug trafficking crime (Count 6), Defendant was sentenced pursuant to his Rule 11(c)(1)(C) plea agreement to consecutive terms of incarceration of 180 months on Count 5 and 60 months on Count 6. (J. in a Crim. Case at 1–2 [ECF No. 85].)

On November 1, 2014, the United States Sentencing Commission promulgated Guideline Amendment 782, which reduced by two levels the offense levels assigned to the drug quantities set forth in § 2D1.1 of the United States Sentencing Guidelines and made parallel changes for the listed chemicals found in § 2D1.11. As set forth in policy statement § 1B1.10, defendants who are currently imprisoned for these drug offenses are eligible for retroactive application of the guidelines as long as they meet certain eligibility criteria.

Following the promulgation of Guideline Amendment 782, Defendant's attorney met with the Government and the United States Probation Department and presented the Court with

an agreed recommendation that Defendant's sentence on Count 5 be reduced under Amendment 782 from 180 to 144 months. (*See* First Mot. to Reduce Sentence at 2 [ECF No. 87].) The 60-month term under Count 6 would remain unchanged. (*See id.*) In March 2015, the Court granted Defendant's request and reduced Defendant's sentence on Count 5 to 144 months. (Order at 1 [ECF No. 89].)

Defendant has now moved pro se for a further sentence reduction under Amendment 782. (*See* Second Mot. to Reduce Sentence at 1–6 [ECF No. 91].) Defendant contends that prior to the Amendment he had an offense level of 31, which combined with his criminal history category of I to yield a sentencing guideline range of 108 to 135 months. (*Id.* at 3.) Defendant contends that his total offense level dropped to 29 after the promulgation of the Amendment, resulting in an amended sentencing guideline range of 87 to 108 months. (*Id.*) Based on these calculations, Defendant requests a reduced sentence in the range of 87 to 108 months. (*Id.* at 6.)

The Court sentenced Defendant pursuant to a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). (*See* Plea Agreement at 1 [ECF No. 44].) The Court then reduced Defendant's sentence under Amendment 782 based on the agreed recommendation of the parties. (Order at 1.) Because Defendant has already received the benefit of Amendment 782, the Court **DENIES** his Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [ECF No. 91].

**IT IS SO ORDERED.**

11-16-2017
DATE

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**