# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**                  Case No. 2:07-CR-213
                                       JUDGE EDMUND A. SARGUS, JR.

    **v.**

**SEAN W. BECK,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Sean W. Beck's ("Defendant") Motion for Reconsideration. (ECF No. 104). On April 21, 2020, this Court issued an Order denying Defendant's motion for a compassionate release. (ECF No. 101). Defendant now moves the Court to reconsider the April 21, 2020 Order. (ECF No. 104). The Government filed a response in opposition (ECF No. 110), and Defendant has replied. (ECF No. 112). The instant matter is ripe for review. For the reasons that follow, Defendant's motion is **DENIED**. (ECF No. 104).

**I**

On April 7, 2020, Defendant moved the Court for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), otherwise referred to as a compassionate release. (ECF No. 98). At that time, Defendant argued that the risk of contracting COVID-19, combined with the conditions of his confinement, constituted extraordinary and compelling reasons for his release. (*Id.* at 2). In further support of his motion, Defendant highlighted the steps he has taken towards rehabilitation along with the fact that he has completed over two-thirds of his sentence. (*Id.*).

1

On April 21, 2020, this Court denied Defendant's motion, explaining that Defendant's justifications for release did not rise to the level of extraordinary and compelling given their general application to all prisoners. (ECF No. 101 at 8-9). While the Court rejected Defendant's justifications as generalized, it nevertheless noted that particularized factors, such as old age and certain pre-existing medical conditions, could potentially justify a reduction in sentence given that they are known to cause severe cases of COVID-19. (*Id.*). In response to the Court's April 21, 2020 Order, Defendant filed a motion for reconsideration on April 27, 2020 that is now the subject of this Opinion and Order. (ECF No. 104).

## II

Defendant argues in his motion for reconsideration that he has exhausted his administrative remedies in compliance with 18 U.S.C. § 3582(c)(1)(A), and the Government concedes that fact. (*Compare* ECF No. 110 at 2 *with* ECF No. 112 at 5). Yet, the statutory exhaustion requirements are but one step on the path to compassionate release. The next step requires a court to find an extraordinary and compelling reasons for granting compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). As stated above, the Court denied Defendant's motion, in part, because the justifications he offered for his release did not rise to the level of extraordinary and compelling. (ECF No. 101 at 8). Thus, the critical issue at this juncture is whether Defendant's motion for reconsideration adds any extraordinary and compelling reasons for release that were not already considered in the Court's April 21, 2020 Order.

Defendant argues in his motion for reconsideration that the following circumstances constitute extraordinary and compelling reasons for his release: (i) "the prison is a proven and particularly dangerous environment due to COVID-19;" (ii) he "has served 2/3 of his sentence;" and (iii) he "has completed numerous rehabilitation courses while in prison [that] show[] he is

2

rehabilitated." (ECF No. 104 at 7). The Government pushes back, arguing that none of these reasons sufficiently support Defendant's motion for reconsideration because they were all before the Court when Defendant's original motion was denied. (ECF No. 110 at 3). The Government is correct.

Defendant's motion for reconsideration rehashes arguments that were already presented. (*Compare* ECF No. 104 at 7 *with* ECF No. 98 at 2). With regard to Defendant's first justification for release, he does provide additional statistics concerning the Bureau of Prisons in his motion for reconsideration, but the gravamen of his argument boils down to this: the risk of contracting COVID-19 and the conditions of his confinement constitute extraordinary and compelling reasons for his release. As explained above, the Court considered this argument in its April 21, 2020 decision and rejected it on the basis that it is generally applicable to all prisoners, which therefore falls short of extraordinary and compelling. The same can be said for Defendant's remaining justifications. Defendant argued in his original motion that he has completed over two-thirds of his sentence along with numerous rehabilitative courses; yet, the Court rejected these justifications as well. In other words, Defendant has not offered any reasons for release that were not already considered. Consequently, the Court must deny Defendant's motion for reconsideration.

### III

For the reasons set forth above, Defendant's Motion for Reconsideration is **DENIED**. (ECF No. 104). Accordingly, Defendant's Motion for Conference Call to clarify his Motion for Reconsideration is **DENIED as moot.** (ECF No. 105). Likewise, Defendant's Motion to Amend Reply in Opposition is **DENIED as moot.** (ECF No. 103).

**IT IS SO ORDERED.**

**7/10/2020**                                       **s/Edmund A. Sargus, Jr.**
**DATED**                                             **EDMUND A. SARGUS, JR.**
                                                               **UNITED STATES DISTRICT JUDGE**